IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                RESPONDENT

v.                          Crim. No. 1:04-CR-10013
                            Civil No. 1:06-CV-1083

RAY ANTHONY HOLLINS                                                           MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 filed herein by RAY ANTHONY HOLLINS, (hereinafter referred to as "Movant")

an inmate confined in the Federal Bureau of Prisons. The Motion was referred for findings of fact,

conclusions of law and recommendations for the disposition of the case.

**A.  Factual Background**:

On July 27, 2004, a man wearing a mask and orange hard hat, wielding a knife robbed the

Community Bank of Crossett, Crossett, Arkansas.  *See United States v. Hollins*, 432 F.3d 809, 810

(8th Cir. 2005).  The robber demanded that the tellers empty their cash drawers and place the money

in a rolled-up brown paper sack. *See id.*  After collecting the money, the robber instructed the two

tellers to lie on the floor behind the teller counter. *See id.*  He told them that he would send someone

back inside in ten minutes, and if they called the police, he would kill them. *See id.*  The robber then

left the bank on foot, taking $13,634.50 in cash with him.  *See id.*

The two bank tellers, Kimberly Bankston and Gail Reed, and Oliver Quint Couey II, the

owner of a business located behind the bank, were interviewed by the police.  *See id.*  Bankston was

shown the mug shot of the Movant before she identified him as the robber in a photographic line-up

that showed the mouth area of several black males.  *See id.*  Reed identified Movant as the robber

from a photographic line-up that showed the eyes of several black males.  *See id.* Couey stated that

he had seen Movant running behind the bank around the time the robbery occurred dressed

consistently with what the robber was wearing, and carrying a brown paper sack.  *See id.*

The Crossett police identified Movant as a suspect in the case and arrested him several hours

after the robbery.  *See id.* at 810.  They were unable to locate fingerprints, the money, the knife, or

the clothing associated with the robbery.  *See id.*   A bank video surveillance camera caught the

robbery on tape, and the FBI performed an analysis of the video and bank lobby to determine the

approximate height of the robber, which was consistent with Movant's height.  *See id.* at 811. The

government's case against Movant was based primarily upon the eyewitness testimony of three

witnesses who had been interviewed by the police.  *See id.*

**B.  Procedural Background**:

Movant was indicted for bank robbery on August 18, 2004.  On November 9th, 2004, after

a two-day jury trial, he was found guilty of one-count of bank robbery by force or violence. At the

sentencing hearing, Movant was sentenced to78 months of imprisonment.  *See Hollins,* 432 F.3d.

at 811.   Movant timely filed a notice of appeal of his conviction and on December 22, 2005, the

United States Court of Appeals for the Eighth Circuit affirmed his conviction. *See  United States*

*v. Hollins*, 432 F.3d 809, 813 (8th Cir. 2005) (Docket Nos. 37-38).

Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 on August 31, 2006.   He alleges four grounds for relief from the sentence imposed

in the criminal case.  First, he alleges that a boot admitted in evidence against him should have been

suppressed.  <u>Second</u>, he alleges that the testimony of one of the eye witnesses who testified against

him should have been stricken from the trial.  <u>Third</u>,  he alleges the trial court erred when it failed

to grant a mistrial "due to [the] jury being unsure of a verdict after two inquiries."  <u>Fourth</u>, he alleges

other robberies occurred after his arrest which were similar to the characteristics of the robbery he

was convicted of committing.

The United States of America (hereinafter the "Respondent") responds that the four grounds

for relief alleged were available for Movant to raise at trial or on direct appeal and thus cannot be

raised in a post-conviction proceeding.  Respondent states that because Movant fails to establish

either cause or actual prejudice or actual innocence in connection with the first four claims, he is

procedurally barred from raising them in this proceeding.[1]

**C.  Discussion**:

As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different

from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal,

in a motion to vacate pursuant to § 2255.  *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir.

2005).   Further, if an issue was known, or should have been known, to the movant and could have

been raised in the direct appeal of the underlying criminal case, then that issue is not properly subject

to a motion to vacate.  *See Peltier v. Henman*, 997 F.2d 461, 473 (8th Cir. 1993).

---

[1]The Respondent briefed a presumed claim of ineffective assistance of counsel based on a letter attached to the Petition.  The Court has reviewed the Petition and attached letter and construes the letter to be a request for appointment of counsel.  Movant has been able to adequately prepare and file this Motion to Vacate, Set Aside or Correct Sentence.  The Respondent was able to fully respond and brief the allegations contained in the Motion.  the Court was able to fully understand the allegations made by Movant.  Therefore, no appointment of counsel is required at this time.

If movant has failed to raise a claim on direct appeal he must show both cause for the failure and actual prejudice as a result of the default. *See Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998).   Alternatively the movant must show a fundamental miscarriage of justice or actual innocence. *See id.*   To show cause excusing procedural default, a movant must show that some external factor beyond his or his attorney's control caused the procedural default. *See Turner v. Delo*, 69 F.3d 895, 896-97 (8th Cir.1995); *see also McCleskey v. Zant*, 499 U.S. 467, 493-94, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (petitioner may establish cause by showing that the basis for the claim was not reasonably available to his counsel or that some interference by officials made compliance impracticable). A movant asserting prejudice must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see also Swedzinski*, 160 F.3d at 501. Finally, a petitioner wishing to excuse his procedural default on the "fundamental miscarriage of justice" prong must demonstrate actual innocence.   *Sweet v. Delo*, 125 F.3d 1144, 1152 (8th Cir. 1998). More specifically, a fundamental miscarriage of justice requires a showing of "clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 505 U.S. 333, 335, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

**1.  Ground One, Failure to Suppress Boot**:  Movant asserts that a boot introduced in evidence by the government at the trial should have been suppressed because it was "generic" and not his boot.    Movant knew of the existence of the facts upon which this claim is based at the time of his direct appeal.   He cannot now raise this issue without showing cause and prejudice for his

failure to raise it on direct appeal.  *See Peltier v. Henman*, 997 F.2d 461, 473.   Movant fails to

establish cause for his failure to raise this issue on direct appeal.   He offers no showing as why this

issue was not raised on direct appeal.  He likewise offers no showing of actual  prejudice from the

failure to raise this issue on direct appeal.[2]   Further, his failure to raise the issue, despite the facts

being known to him at trial amounts to "failing to raise a claim through inexcusable neglect," which,

constitutes an abuse of the proceeding.     *Peltier*, 997 F.2d at 473, *citing McCleskey v. Zant*, 499

U.S. 467,489,  111 S.Ct. 1454, 1468 (1991).   Ground One should be denied.

       **2.  Ground Two, Failure to Strike Testimony**:  Movant next asserts that the trial court

failed to strike the testimony of one of the government's witnesses.  He claims the testimony should

have been stricken because the witness viewed a "mug shot" of him prior to identifying him in a

photographic lineup.  This argument was raised on direct appeal based on trial counsel's request for

a mistrial.  The Eighth Circuit specifically rejected the claim holding that the district court did not

err in refusing to grant a mistrial on the basis of this testimony.   *See Hollins* 432 F.3d at 812.

Ground Two should be denied.

       **3.  Ground Three, Denial of Mistrial after two Jury Inquiries**:   Movant asserts the trial

court erred in not granting a mistrial after the jury made two inquires regarding its procedure if there

was no unanimous verdict.   At trial the jury asked for instructions regarding what procedure to

follow as it was unable to reach a unanimous verdict.   The trial court thereafter gave the

supplemental "Allen" instruction.   Such instruction has been approved by the Eighth Circuit as

---

[2]    The assertion in Ground One goes to the sufficiency of the evidence at this trial. The Eighth Circuit has held that the evidence was sufficient to sustain the jury verdict against movant in this case. *Hollins*, 432 F.3d at 811.

neither inherently coercive nor prejudicial. *See United States v. Aldridge*, 413 F.3d 829, 832 (8th Cir.

2005). While this issue was not presented on direct appeal, it clearly could have been presented, as

both Movant and trial counsel were present when the jury inquiries were made and when the district

court gave the "Allen" instruction to the jury. Again the Movant demonstrates neither cause for his

failure to make this claim on direct appeal nor actual prejudice as a result of the claim being omitted.

Ground Three should be denied.

**4. Ground Four, Other Robberies**: Movant asserts that following his arrest other robberies

occurred in the general geographic area using the same method of operation as did the robber in his

case. Movant could have raised this claim at trial or on direct appeal and failed to do so. As a result

he is barred from now presenting this claim. See *See Peltier v. Henman*, 997 F.2d 461, 473.

Likewise he offers no showing of actual prejudice as to this claim.

In the alterative he now asserts actual innocence as a result of this claim. "An actual

innocence claim is 'not itself a constitutional claim, but instead a gateway through which a *habeas*

petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'"

*Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005), *(quoting Schlup v. Delo*, 513 U.S.

298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). To establish a valid claim of actual innocence,

Movant must demonstrate new and reliable evidence that was not presented at trial. *See Id.* He

must also demonstrate that in the light of the new evidence, no reasonable jury could have convicted

him. *See Id.* A party generally cannot demonstrate actual innocence where there is sufficient

evidence to support a conviction.[3] *See Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002)

---

[3] The Eighth Circuit held the evidence sufficient to sustain the jury verdict against Movant in this case. *Hollins*, 432 F.3d at 811.

(*quoting McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir.2001)).  Movant was charged and convicted of bank robbery.  He now alludes to the robbery of a snow cone stand and a "dollar store" occurring after he was arrested to demonstrate his actual innocence.  He fails to give any details of either robbery, other than to assert the other crimes "occurred after my arrest with the same characteristics of the bank robbery."  (Docket # 1, p 5).  Movant fails to show no reasonable juror would have convicted had this evidence been presented at trial.  His claim of actual innocence must fail.  For the foregoing reasons Ground Four should be denied.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence be denied and dismissed.[4]

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **28th** day of March, 2007.

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*